The first case for oral argument is 24-1159 Hartford Fire Insurance Company v. Chubb Custom Insurance Company Thank you, Mr. Hofer. You may proceed when you're ready May it please the court This is an appeal about how to properly analyze two policies to determine priority Hartford issued a commercial auto, Chubb issued a commercial excess. We're here on de novo review About 20 seconds of facts here. This is an underlying automobile accident. The insured had a personal automobile policy Through State Farm with a $250,000 limit. He had a commercial auto Through the Appley Hartford and he had a group excess policy with my client the appellant Chubb The district court committed error in two ways here There is a very clear three-step process that must be followed when we analyze these policies to determine priority of coverage The first step is that you look at the plain language of these policies to determine priority and this is the key today Without considering the other insuring language in those policies And if you can do that, which we can here we stop and our job is done in one case Where's that first step of your three steps? Where does that come from? Well, it comes from It's the it comes from the case law and it comes from the Western District the Smith case Okay The Wentzville case and it also comes from the Eastern District and I'll point out a couple of authorities when I walk through that in More detail, but this is the state cases. I think you were mentioning federal cases, right? No, those are Western and Eastern District. Yeah So the key point here is that you have to analyze these policies without the other insuring language And that's all that we have to do It's actually pretty simple and the district court you can see in its order on page five completely skip that step so but if you get to step two Then what you do is you analyze the plain language of the policies looking at all the all the language Including the other insurance clauses and if you do that you try to we have to try to Harmonize them to see if they can afford coverage and also on page five of the order The district court seems to have skipped that step that's a look requires a little bit more deep thinking and I do want to get to that because that's the Farm Bureau case that The parties went back and forth on but the teaching point Today is that we really don't even need to get to that because the first step resolves this and then only if you pass both Of those steps. Do you get to this mutual repugnancy? Analysis and potentially get to sharing but we never reach that here So the court committed error in two ways it skips step one by not looking at these policies without the other insuring language And then it inappropriately analyzed step two or perhaps even skipped it. So step one The in one thing is really really important and in the briefing Hartford agrees with this analysis of step one Hartford agrees that you analyze these policies without looking at the insuring language and when you do that It's really clear when you look at the Hartford primary policy. It's clear that it was only trying to be primary It's insuring language will say we says we pay all sums and insured legally must pay Etc, etc, and it doesn't talk anything about excess. There's nothing in there about underlying insurance There's nothing in there about excess. It is a written as a pure primary policy It has no hallmarks of being an excess policy and all the hallmarks of being a primary policy When you look at Chubb's policy, it's very different. It's called an excess liability policy. It requires primary underlying insurance and the insuring language says we cover damage in excess of Underlying insurance and it also says if you don't in Purchase the required underlying insurance you will have a gap in coverage meaning we won't drop down So it has all the harm hallmarks of an excess policy And when you compare those to the analysis is easy and it's over with because we're not looking at other insuring language We have a primary or we have a primary we have an excess and our job is done however If you do get to step two which with respect to happily we don't but then you start looking at the plain language of the entire policy and you do look at the other insuring language and we must Try to harmonize them to afford coverage The only way you ever get to a mutual repugnancy analysis is if you have two policies that are both trying to be clearly Excess such that the insured would be left without coverage if you honored all of that language But you have to try to harmonize and here we can harmonize the Chubb policy is Written as what some of the case law says a blanket excess It's written to be excess of absolutely everything and the Hartford policy Some of the cases refer to it as a pro rata excess language That's that's written to be still be primary, but be excess in certain limited circumstances I think you said it was written to be excess over absolutely everything. I think there are two exceptions right one would be If it's written specifically to cover excess over the amount of coverage that applies in this policy Yes And secondly if for policies that schedule this policy as underlying insurance If we need to look at that policy and see if either one of those are true, yes, and that's a good point I mean if there was an exception there that just doesn't apply here Which is the reason I didn't say it is if there's another policy clearly written to be excess of Chubb For example, that's one of the exceptions But when you look at the Hartford policy language the primary policy language and this is really important to the majority view around the United States and also recognized by this court in 1970 in a case called State Farm versus American casualty is when you use the language that Hartford used in its in its other Insuring language when it says we are excess over any other collectible insurance that phrase collectible insurance means other primary collectible insurance And this is a our case is a really good example of that because there was other primary insurance This individual the insured tortfeasor had a personal auto policy with State Farm a $250,000 limit and what Hartford was trying to do and the case law says Hartford was trying to do With the language that it used it wasn't trying to make itself Excess along with Chubb. It was trying to make itself excess of other policies in its layer And it was excess to State Farm and that's exactly how the parties here paid out State Farm paid its limit Hartford paid its full limit and because the settlement was underneath our attachment point it never reached Chubb's policy So and so if the court gets to this step two That's what it should do and here in step two when we're looking at the plain language of the entire policy saying Can we harmonize both of these policies looking at all the language we can? State Farm pays first Hartford pays second because its language made it excess to the other primary policy State Farm and then Chubb would pay third Although our we never reached our attachment point so I do want to talk about this Farm Bureau case because the briefing went back and forth a little bit about that and looking at the Farm Bureau case I Recognize it appears superficially similar But there are really material differences when you look closely enough and the Farm Bureau case that the district court looked at It seems to have relied on it just doesn't apply So and I wanted to come compare those a little bit so when you look at the Farm Bureau case and the language in that case Farm Bureau was very clearly trying to be excess and the reason that the primary carrier in Farm Bureau, which is a AIC American Auto, I think the reason that difference from difference from our case is the other insuring language excess provision in That primary case says we are excess over other Insurance available it was attempting to make itself blanket excess coverage Just like the umbrella Farm Bureau policy did and the reason and in that case was correctly decided We're not saying that case wasn't correctly decided Farm Bureau We're saying our district court judge misapplied it and the reason Farm Bureau was correctly decided is Because the playing language of the entire policies of both of those made both of those carriers excess so they were Mutually repugnant and if you would give full force and effect to all of that language the insured would be left without coverage So being mutually repugnant pro rata applied here our case is really different because as we looked at Chubb's language It's clear globally excess But when you look at Hartford's policy language, and it says it's excess over other collectible insurance The case law tells us that that means other collectible primary insurance, so that's very different What was the language the other collectibles in the Hartford policy? Yeah, the the Farm Bureau policy language? What was the operative language there that you're comparing that to yeah, and I'm quoting it says excess over other insurance available Right and the Hartford language is excess over other Collectible insurance and while it may be subtle the case law has looked at it very very closely and the cases say and this is The majority view that when you use that that language other collectible insurance you are only attempting to make yourself access to Other primary insurance that is why our case is different So Chubb has an excess policy all the hallmarks of an excess policy and the Hartford policy is a primary policy that only in a certain Circumstance attempts to make itself excess and only Access to the other carriers in its in its layer Which there was one does it make a difference here that we're dealing with a non-owned vehicle does that make it? So is there a difference because there is some differences in how non-owned and owned vehicles are treated under the policy No, sure. Good question If we weren't dealing with a non-owned auto here We wouldn't even be having this analysis at all and the reason we are here and having this discussion is Because in Hartford's primary policy and and only in its other insuring language, that's the key to the day here But only in its other insuring language. Is it saying for non-owned autos? We are trying to make ourselves excess of other primary if and that and that is the distinction so in summary Step one is the key here and and the the respond that are happily here does not dispute this You look at these the plain language of these policies and you do not look at the other insuring language and the reason that's so key here is because everything that we're talking about arises out of Hartford trying to invoke its other insuring language to Contest this priority of coverage. We're done. That is it But if you would get by that step is only when you try to start harmonizing the policies and that's where you talk about State Farm And the district court simply just misapplied State Farm, but it skipped step one and and that is the key Thank you, your honors Mr. Klepper Thank you, may it please the court we absolutely do not agree as to their step one in the analysis and Their step one what they say is a hundred percent inconsistent with what happened in the Farm Bureau We're the only Item in the AIC policy that purported to make an excess was the other insurance clause that was risk-specific Which is exactly what Judge Strauss was mentioning in his question. Do you agree that Smith goes against you though? No, I don't your honor We agree under Smith that If we simply had another insurance clause that had with this court in Popkin called a standard clause a clause that said We're primary, but if there happens to be anything else out there that covers it we're excess if that's where Policy said there'd be no dispute. We would lose, there wouldn't be a lawsuit, we would have paid first We are here because of what happened in a sequence of four Missouri cases or four Missouri law cases that I'm going to march through today Now some factual context we both agree that it is important factual context that State Farm issued a $250,000 policy that defended this lawsuit that paid first they are out of this case And that is at page 27 of Hartford's appendix in this matter where everyone agrees about that So Hartford is excess over the State Farm policy because it was a non-owned vehicle Chubb is excess over State Farm because it was written over as excess over the employees individual policies So the question here is how do they interact under? Missouri law, what does this language mean and our central purpose here? And this is what Popkin says and this is what Farm Bureau says is that our risk specific other insurance clause is Entitled to just as much weight as theirs they purport to be excess we purport to be excess and we share program Council don't we have to look at the language of the policies though So the Hartford policy says for any covered auto that you don't own The insurance provided is excess over any other Collectible insurance so my question is is Chubb's insurance collectible given the language of of that policy So I think I misunderstood your question your honor here, I'm not sure so that the so the I mean, let me read again here. So the the Hartford policy is what I just read Hartford boss Yes For the four autos that you don't own it's excess over any other collectible insurance So my question is with regard to the word collectible is Chubb's insurance Collectible given the language of that policy Each of ours is not collectible at the same time your honor We have got the same other insurance clause that was at issue in Farm Bureau And I I want to go through the Chubb policy says it's only collectible under two circumstances If it's written specifically to cover Excess over the amount of coverage that applies in this policy and policies that schedule this policy as underlying insurance That's that's what the Chubb policy says so is it really collectible? I? Would say that both policies are simultaneously saying they're not collectible That that is my response under Missouri law and let me back up here So for the legal context here other insurance clauses within the insurance coverage world are notoriously headache-inducing In a circuit that covers seven states you might somehow find seven different answers to the same question Seems unlikely we are so lucky Unusually lucky in this case that we have such an on-point case, and it is the Farm Bureau case is The culmination of a line of four cases first you have our DD in 1958 And this is the one where the Missouri Supreme Court says wow this is our first other insurance case lots of other jurisdictions have gone through some analyses as to whether the Whether which You know which should go first. They said we're not doing that we're going by the policy language Then you have in 1972 you have State Farm versus Western a Dealerships policy said that customers driving its cars are insured But nothing is collectible the driver has other collectible insurance up to the statutory minimum and that was analyzed as another insurance case because that is what's called an escape clause in other insurance jargon and the courts Said well we have an escape clause is a type of other other insurance clause, and it's so specific as to this risk that We think we have to honor this language and there the escape clause was granted and other states would not have done that they would Have demanded sharing some other states, then you have Popkin and Stern so that was Older public insured a law firm pre litigate Pre-dissolution, and then bar plan took over for 12 departing partners and bar plan said for acts and omissions so older public had what the The Smith case had which is the plain vanilla standard where excess over anything else that might happen to be there The bar plan said we're primary except for acts or omissions that occur Before the inception date and for that we're neck we apply an excess and judge Arnold said Wow, I'm going into a lot of detail here and thinking about this really hard and you may be worried about me Why I'm going into so much detail on this, but we we think this is a tough one We think that state firm versus Western applies because for acts predating the policy period our plan quote is More like a true excess or umbrella policy than a primary policy This class of claims is expressly carved down and bar plan did not undertake to provide primary coverage for it this is not a standard excess clause and There's this point part at the end when it said, okay, we the court. We're not sure we're getting Missouri law, right? this was actually a really tough one, but we hope we got it right and then Farm Bureau comes along and Turns out this court was right. Judge Arnold was right and So there Farm Bureau issued two policies. One was the primary of $500,000 which is the equivalent of the state firm policy here. Then they issued this was to the family of the owner of the driver I'm sorry of the car owner who and The umbrella to that same family and it had the standard other insurance clause and Then AEIC issued the first-layer policy and it said look we're excess in two situations and only two volunteers and non-owned vehicles and the other insurance clause was the only place in the entire policy that it said anything about being excess and Judge Newton writing for the Western District Court of Appeals said That that is We cannot find AEIC contracted to provide primary insurance for a volunteer driving a non-owned vehicle the policy specifically states that its coverage is primary for owned vehicles and excess insurance for non-owned vehicles and that language Mirrors so closely what Judge Arnold held for this court in Popkin and Stern nearly identical language Did not under where this court said did not undertake to provide primary coverage for this particular risk now risk going back to Lloyd's Coffeehouse where insurance started the insured risk is key and Popkins heard said look the The plain vanilla one is just like, you know, it's we hope we're happy to step back if somebody else happens to have coverage, but Here it says no no for this particular risk. We are excess what Chubb is arguing is is that its language is entitled to more weight than ours in saying that it's excess in the circumstance and What Missouri law says no, no, it's really not Popkin and Stern and Farm Bureau say the fact that you have a risk specific other insurance clause under the Missouri Supreme Court's decision in State Farm versus Western is entitled to great weight in the analysis Now there hold on the court's indulgence I do just want to check one thing Before we go forward here All right So yes, and I've gone through and I've gone through Farm Bureau and it says the only place that The other insurance applies the only place that it purports to be excess it says any volunteer or employee of yours While using a covered auto you don't own hire or borrow in your business your personal affairs insurance provided by the Extension is access over any other insurance available to a volunteer or employee. I mean this is This is something where We concede there are other states out there that might decide this differently and If we if all we had was Popkin and Stern we would be engaged in a vigorous debate I believe over whether to extend what Popkin and Stern held To this context where because Popkin Stern was two primaries And it's like do you extend where one says it's primary and one says it's excess but It's we are so lucky that we have Farm Bureau to cut through all of this And they you know keep saying that the district court didn't You know there was no analysis You know no the district court did the correct analysis This was we're not talking about the right analysis or the wrong analysis writ large if we were acting on a clean slate this is Erie and Because one of the things that happened very quickly after Erie was was that there were a lot of Regional circuit courts that had developed some really helpful federal general common law on insurance and They were reluctant to set them aside for conflicting intermediate state court opinions and with the Supreme Court said in 1940 very quickly very quickly after Erie two years later was no Intermediate appellate court decisions are entitled to great weight in the analysis. No they are not The final word they are not the final word But and here's the big but in all of this They are the best evidence of state law in less and until you can provide persuasive data to the contrary and what We are here today the argument, I'm hearing is Radically different from my friend at the bar than the argument below the principal argument below was that Farm Bureau was wrong They said it was abrogated. It's got a red flag next run Westlaw. It's like well. Yes It was overturned in part on other grounds It's still good law transfer was denied in that case later case abrogated some statutory point And it was 90% Farm Bureau was wrong 10% Farm Bureau is distinguishable and now on appeal they're switching it up, and it's a hundred percent Farm Bureau is distinguishable and they and if Smith and Farm Bureau were in tension with one another the general rule is that the later Decided in time is the most recent statement of the law now. They aren't different That they are in perfect harmony Because again if we had the other insurance clause from Smith, we would lose we have the other insurance clause from Farm Bureau so we win and I I'm up here to say we are not this is a rule that will hurt Hartford in some cases and Help Hartford in others this happens to be one of the cases where it helps us what happens in these recurring issues Is that it's not so much about having the right answer or the wrong answer, but having the answer and Since 2008 Farm Bureau has said in this circumstance, which doesn't arise a ton but arises some this is this is our answer, and it's been the good enough answer and They when they go through their chart here at page six of their reply brief where they compare side-by-side Their language to Chuck to Chubbs. I look through and I'm like look Different policies say the same thing in different words, and that's exactly they do they said the same thing in different words, but The issue here in any event isn't what the Chubb? Policy says we agree the Chubb policy says we are excess Loudly, but under Missouri law our policy just as loudly says as to this Particular risk and this particular risk only We are in excess policy, and that's why it matters. They also talk about well You know the specifically scheduled you know it in here. I don't know if I have time to make this point in a non-confusing manner, but They their policy so Chubb also issued a policy which was Access over ours a Different company, and it's specifically scheduled ours beneath it this is all part of a program for Jones financial and its employees and They knew about the Hartford policy when they're issuing the one to Jones financial employees They could have scheduled us below them They could have said just as in their other simultaneous policy their excess over us And they didn't because what they would have done it had they done that courts indulgence for 15 seconds They would have told the Jones financial which was paying for all of this We want your policy Jones financial for your vehicles to go first Before all this coverage that we have for your employees And we might use up the coverage that's available for yours and Jones financial might have said no So I just want to let you know I'm done. Thank you so much Mr. Mr. Hofer your rebuttal Two quick points that I heard and they're both dispositive in this first one. There was a question asked about When you use this phrase other collectible insurance and the key here is that and with the case law tells us this when you use that Phrase that specific phrase other collectible insurance. You are referring to other The effort to confuse with all due respect is trying to Use that language to talk about coverage in different in different layers. So dispositive point number one, but but the easier Most important reason in my opinion. We're here today. That is very clearly dispositive is This discussion about Farm Bureau. You do not get to Farm Bureau Farm Bureau applies when you get to this Attempt to harmonize and are we mutually repugnant you have to start at step one The Western District said that in Smith the Eastern District said it in Wentzville. You have to start at step one and Council said he said and I wrote it down Risk specific other insurance clause language is entitled to the same way right step one You have to set aside the other insurance clause language step one You're only looking at the plain language of the policy without consider other insurance clause language And so when they say we're entitled to the same way No You're not not in step one and that's dispositive and the the Smith case tells us that you can't use other insurance clause language in a primary policy to try to reach into a different layer and Ask them to force you to pay your liability and that's exactly what this is about So, I don't need my the rest of my time, thank you, thank you The case is submitted in the court will issue an opinion in due course